**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| FLOOR64, INC.<br>370 Convention Way<br>Redwood City, CA 94063, and<br><br>MICHAEL MASNICK<br>370 Convention Way<br>Redwood City, CA 94063,<br><br>      Plaintiffs,<br><br>   v.<br><br>UNITED STATES IMMIGRATION AND<br>CUSTOMS ENFORCEMENT<br>500 12th Street, SW<br>Washington, DC 20539,<br><br>      Defendant. | Civil Action No. 19-1499 |

## COMPLAINT

1. Plaintiffs Floor64, Inc. and Michael Masnick bring this action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, seeking disclosure of records responsive to a FOIA request submitted to Defendant United States Immigration and Customs Enforcement ("ICE"). The request seeks access to records related to ICE's "Operation In Our Sites."

### JURISDICTION AND VENUE

2. Jurisdiction is asserted pursuant to 28 U.S.C. § 1331 and 5 U.S.C. § 552(a)(4)(B).

3. Venue is proper pursuant to 28 U.S.C. § 1391(e) and 5 U.S.C. § 552(a)(4)(B).

### PARTIES

4. Floor64, Inc. is a California corporation that has developed a series of insight platforms that inspire, inform, and help companies innovate. It currently maintains and manages the award-winning technology and business-analysis website Techdirt (www.techdirt.com),

which relies on a proven economic framework to analyze and offer insight into news stories about changes in government policy, technology, and legal issues that affect companies' ability to innovate and grow. As the impact of technological innovation on society, civil liberties, and consumer rights has grown, Techdirt's coverage has expanded to include these critical topics. The dynamic and interactive community of Techdirt readers often comment on the addictive quality of the content on the site, a feeling supported by the website's average of approximately one million visitors per month and a total of more than 1.6 million comments on 70,000+ posts in its history. Floor64, Inc. requests access to public records using the FOIA and disseminates the findings, analysis, and commentary on Techdirt.

5. Michael Masnick is the president and secretary of Floor64, Inc. and he operates the Techdirt website. Mr. Masnick requests access to public records using the FOIA and disseminates the findings, analysis, and commentary on Techdirt.

6. ICE is an "agency" under 5 U.S.C. § 552(f)(1). It has possession, custody, and control of records to which Plaintiffs seeks access and that are the subject of this complaint.

## FACTS

7. On November 26, 2018, ICE issued a press release touting its enforcement efforts in "Operation In Our Sites," which aims to combat copyright infringement, and noting that more than a million websites had been seized in a global operation. Ex. 1, Press Release, U.S. Immigration & Customs Enforcement, Over a million websites seized in global operation, Nov. 26, 2018, *available at* http://bit.ly/2DZCXjW.

8. On December 14, 2018, Mr. Masnick submitted a FOIA request on behalf of Techdirt to ICE seeking access to information about the program discussed in the ICE press release. Ex. 2.

9. Specifically, the request sought three items: "[1] a full list of the domain names that were seized, [2] any related court filings regarding the domain seizures, and [3] any email communications with the 'high-profile industry representatives and anti-counterfeiting associations' [that ICE referenced in its press release] regarding those seizures[.]" *Id*.

10. Mr. Masnick also requested that Techdirt be categorized as a news-media requestor for FOIA fee purposes. *Id*.

11. On December 17, 2018, ICE acknowledged receipt of the request, assigned it case number 2019-ICFO-24679, invoked the ten-day statutory response extension for unusual circumstances, and granted Techdirt news-media-requester status for fee purposes. Ex. 3.

12. By letter, dated February 21, 2019, ICE issued a final determination stating that it had "conducted a search of the ICE Offices of Homeland Security Investigations (HSI) and the ICE Office of Public Affairs (OPA) for records responsive to [the] request and no records were found." Ex. 4.

13. In its final determination letter, ICE stated that "Congress excluded three discrete categories of law enforcement and national security records from the requirements of the FOIA" and that its "response [was] limited to those records that are subject to the requirements of the FOIA." *Id*. It also provided that this statement was "a standard notification that is given to all our requesters and should not be taken as an indication that excluded records do, or do not, exist." *Id*.

14. By letter, dated March 8, 2019, Techdirt administratively appealed ICE's final determination letter. Ex. 5.

15. By letter, dated April 2, 2019, ICE granted the appeal, writing that after "a complete review of the administrative record and the search documentation which led to the

3

determination on your FOIA request, ICE has determined that a new search, or modification to the existing search, could be made." Ex. 6.

16. ICE then stated that it was "remanding your appeal back to the ICE FOIA Office for processing and re-tasking to the appropriate agency/office(s) to obtain any responsive documents, should they exist." *Id*.

17. On April 2, 2019, counsel for Plaintiffs emailed the ICE letter granting Techdirt's appeal to the ICE FOIA office, to ensure that that office would expeditiously process the remand, and asked the ICE FOIA office to "[p]lease acknowledge receipt of this email." Ex. 7.

18. On April 5, 2019, the ICE FOIA email inbox sent a read receipt to Plaintiffs' counsel, indicating that someone at the agency had read the email. Ex. 8.

## COUNT 1

### Violation of the FOIA

19. Plaintiffs repeats all of the above paragraphs.

20. The FOIA requires agencies to respond to requests within twenty (20) business days or, in "unusual circumstances," thirty (30) business days. 5 U.S.C. §§ 552(a)(6)(A)–(B).

21. Agencies are required to respond to remands after administrative appeals within twenty (20) business days or, in "unusual circumstances," thirty (30) business days. *Cf. id*.

22. More than twenty (20) business days have passed since ICE received the notice of remand, which it still has not substantively acknowledged.

23. ICE has not invoked FOIA's ten-day extension for unusual circumstances following the remand from the administrative appeal.

24. ICE has not provided a final determination on or produced any records responsive to the request following the remand from the administrative appeal.

25. ICE therefore has failed to comply with the FOIA's deadline to issue a final determination following a remand from an administrative appeal.

26. Plaintiffs have exhausted their administrative remedies for the request at issue in this complaint.

## **RELIEF REQUESTED**

WHEREFORE, Plaintiffs respectfully requests and pray that this Court:

a. Order ICE to issue a final determination on the request at issue in this complaint within twenty (20) days of the date of the Order;

b. Order ICE to produce all responsive records promptly;

c. Award Plaintiffs their costs and reasonable attorney fees incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E); and

d. Grant such other relief as the Court may deem just and proper.

Date: May 23, 2019

Respectfully submitted,

*/s/ R. James Valvo, III*
R. James Valvo, III (D.C. Bar. No. 1017390)
Lee A. Steven (D.C. Bar No. 468543)

CAUSE OF ACTION INSTITUTE
1875 Eye St., NW, Suite 800
Washington, DC 20006
Telephone: (202) 499-4232
Facsimile: (202) 330-5842
james.valvo@causeofaction.org
lee.steven@causeofaction.org

*Counsel for Plaintiffs*