# EXHIBIT 1

*Floor64 v. Immigration and Customs Enforcement*
Civil No.: 19-cv-1292
United States Immigration and Customs Enforcement (ICE) *Vaughn* Index

| Bates-Stamp Prefix | Bates-Stamp Suffix (Page Number) | Degree of Withholding | Exemptions | Description of Records and Explanation of Exemptions |
|---|---|---|---|---|
| 2019-ICLI-00046 | 1-6<br>23-25<br>52-55<br>57-58<br>62-70<br>72-74 | Partial | (b)(6)<br>(b)(7)(C) | **Email Communications Regarding "Operation In Our Sites"**<br><br>**Redacted Information per (b)(6), (b)(7)(C):**<br>Partial redactions pursuant to FOIA Exemptions (b)(6) and (b)(7)(C) were used on ICE employee names, email addresses, and phone numbers.<br><br>Partial redactions pursuant to FOIA Exemptions (b)(6) and (b)(7)(C) were used on third party names, email addresses, and phone numbers.<br><br>**Reasons for Redaction(s):**<br>The disclosure of the names and contact information of HSI Special Agents could reasonably be expected to constitute an unwarranted invasion of personal privacy under Exemption (b)(7)(C) and would constitute a clearly unwarranted invasion of personal privacy under Exemption (b)(6) by: conceivably subjecting personnel to harassment and annoyance in conducting their official duties and in their private lives; placing them in danger, as targets of law enforcement investigations may begrudge personnel for an indefinite time period and seek revenge; and minimizing the ability to effectively conduct future investigations. Further, these individuals have not consented to the release of their PII.  The disclosure of this PII serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities. Furthermore, the privacy interest |

*Floor64 v. Immigration and Customs Enforcement*
Civil No.: 19-cv-1292
United States Immigration and Customs Enforcement (ICE) *Vaughn* Index

| Bates-Stamp Prefix | Bates-Stamp Suffix (Page Number) | Degree of Withholding | Exemptions | Description of Records and Explanation of Exemptions |
|---|---|---|---|---|
| | | | | in this PII outweighs any minimal public interest that could possibly exist in the disclosure of this information.<br><br>The disclosure of the names, email addresses, and/or phone numbers of third party individuals who are identified in this law enforcement investigation, could reasonably be expected to constitute an unwarranted invasion of personal privacy under Exemption (b)(7)(C) and would constitute a clearly unwarranted invasion of personal privacy under Exemption (b)(6) by: not being associated unwarrantedly with alleged criminal activity; being free from harassment, criticism, intimidation, legal consequences, economic reprisals, embarrassment, undue public attention, physical harm, and derogatory inferences and suspicion; and controlling how communications about them are communicated to others.  The disclosure of this PII serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities. Furthermore, the privacy interest in this PII outweighs any minimal public interest that could possibly exist in the disclosure of this information. |
| 2019-ICLI-00046 | 1-2, 4-5, 24, 52-55, 57-58, 62-64, 66, 69-70, 72-74 | Partial | (b)(7)(D) | **Email Communications Regarding "Operation In Our Sites"** |

*Floor64 v. Immigration and Customs Enforcement*
Civil No.: 19-cv-1292
United States Immigration and Customs Enforcement (ICE) *Vaughn* Index

| Bates-Stamp Prefix | Bates-Stamp Suffix (Page Number) | Degree of Withholding | Exemptions | Description of Records and Explanation of Exemptions |
|---|---|---|---|---|
| | | | | **Redacted Information per (b)(7)(D):** Partial redactions pursuant to FOIA Exemptions (b)(7)(D) was used on company names, physical addresses,[1] and email domain names.[2] <br><br> **Reasons for Redaction(s):** <br> The disclosure of company names, physical addresses, and email domain names would disclose the identity of a confidential source that furnished information on a confidential basis.  Here, the email communications were records regarding a law enforcement operation and were compiled for law enforcement purposes.  The participating companies provided the information with an expressed promise of confidentiality and are thus confidential sources of law enforcement information. |

---

[1] In the original production, the company names and physical addresses were withheld under FOIA Exemption (b)(7)(E).  After review of the records during the course of litigation, the company names and physical addresses are now being withheld under FOIA Exemptions (b)(7)(D).

[2] In the original production, the email addresses and domain names were withheld under FOIA Exemption (b)(6) and (b)(7)(C).  After litigation review, the email addresses continue to be withheld under FOIA Exemption (b)(6) and (b)(7)(C) while the email domain names, that contain the names of the companies, are now being withheld under FOIA Exemptions (b)(7)(D).

# EXHIBIT 2

| | |
|---|---|
| **From:** | 66118-71340850@requests.muckrock.com |
| **To:** | ICE-FOIA@dhs.gov |
| **Subject:** | Freedom of Information Act Request: ice seizures |
| **Date:** | Friday, December 14, 2018 2:49:39 AM |

Department of Homeland, Immigration and Customs Enforcement, National Intellectual
Property Rights Coordination Center
FOIA Office
Stop 5009
500 12th Street SW
Washington, DC 20536-5009

December 14, 2018

To Whom It May Concern:

Pursuant to the Freedom of Information Act, I hereby request the following records:

A full list of the domain names that were seized, any related court filings regarding the domain
seizures and any email communications with the "high-profile industry representatives and
anti-counterfeiting associations" regarding those seizures, as described in a November 26th
press release, seen here: https://www.ice.gov/news/releases/over-million-websites-seized-
global-operation

The requested documents will be made available to the general public, this request is being
made by a representative of the media (for the site Techdirt.com) and not being made for
commercial purposes.

In the event that there are fees, I would be grateful if you would inform me of the total charges
in advance of fulfilling my request. I would prefer the request filled electronically, by e-mail
attachment if available or CD-ROM if not.

Thank you in advance for your anticipated cooperation in this matter.

I look forward to receiving your response to this request within 20 business days, as the statute
requires.

Sincerely,

Mike Masnick

Filed via MuckRock.com
E-mail (Preferred): 66118-71340850@requests.muckrock.com
Upload documents directly: https://www.muckrock.com/accounts/agency_login/department-
of-homeland-immigration-and-customs-enforcement-national-intellectual-property-rights-
coordination-center-6720/ice-seizures-66118/?email=ICE-FOIA%40dhs.gov&uuid-
login=eb8a5b4f-bce4-416b-a2b0-0f5472a3aa83#agency-reply
Is this email coming to the wrong contact? Something else wrong? Use the above link to let us
know.

For mailed responses, please address (see note):
MuckRock News
DEPT MR 66118
411A Highland Ave
Somerville, MA 02144-2516

PLEASE NOTE: This request is not filed by a MuckRock staff member, but is being sent through MuckRock by the above in order to better track, share, and manage public records requests. Also note that improperly addressed (i.e., with the requester's name rather than "MuckRock News" and the department number) requests might be returned as undeliverable.

# EXHIBIT 3

| From Email : ice-foia@dhs.gov |
| To Email : 66118-71340850@requests.muckrock.com |
| Cc Email : |
| Bcc Email : |
| Subject : ICE FOIA Request 2019-ICFO-24679 |
| Date Sent : 12/17/2018 12:35:18 PM |

Email Body : December 17, 2018  Mike Masnick Techdirt.com ,   RE:     ICE FOIA Case Number 2019-ICFO-24679 Dear Mr. Masnick:  This acknowledges receipt of your December 14, 2018, Freedom of Information Act (FOIA) request to U.S. Immigration and Customs Enforcement (ICE), for requesting "A full list of the domain names that were seized, any related court filings regarding the domain seizures and any email communications with the "high-profile industry representatives and anti-counterfeiting associations" regarding those seizures, as described in a November 26th press release, seen here: https://www.ice.gov/news/releases/over-million-websites-seized-global-operation" (PLEASE SEE REQUEST FOR DETAILS).  Your request was received in this office on December 14, 2018.  Due to the increasing number of FOIA requests received by this office, we may encounter some delay in processing your request. Per Section 5.5(a) of the DHS FOIA regulations, 6 C.F.R. Part 5, ICE processes FOIA requests according to their order of receipt. Although ICE's goal is to respond within 20 business days of receipt of your request, the FOIA does permit a 10- day extension of this time period. As your request seeks numerous documents that will necessitate a thorough and wide-ranging search, ICE will invoke a 10-day extension for your request, as allowed by Title 5 U.S.C. § 552(a)(6)(B). If you care to narrow the scope of your request, please contact our office. We will make every effort to comply with your request in a timely manner.   Provisions of the FOIA allow us to recover part of the cost of complying with your request.  We shall charge you for records in accordance with the DHS Interim FOIA regulations, as they apply to media requesters.  As a media requester, you will be charged 10 cents per page for duplication; the first 100 pages are free.  We will construe the submission of your request as an agreement to pay up to $25.00. You will be contacted before any further fees are accrued.   We have queried the appropriate program offices within ICE for responsive records. If any responsive records are located, they will be reviewed for determination of releasability. Please be assured that one of the processors in our office will respond to your request as expeditiously as possible. We appreciate your patience as we proceed with your request. Your request has been assigned reference number 2019-ICFO-24679. Please refer to this identifier in any future correspondence. To check the status of an ICE FOIA/PA request, please visit http://www.dhs.gov/foia-status. Please note that to check the status of a request, you must enter the 2019-ICFO-XXXXX tracking number. If you need any further assistance or would like to discuss any aspect of your request, please contact the FOIA office. You may send an e-mail to ice-foia@ice.dhs.gov, call toll free (866) 633-1182, or you may contact our FOIA Public Liaison, Fernando Pineiro, in the same manner. Additionally, you have a right to right to seek dispute resolution services from the Office of Government Information Services (OGIS) which mediates

disputes between FOIA requesters and Federal agencies as a non-exclusive alternative to litigation. If you are requesting access to your own records (which is considered a Privacy Act request), you should know that OGIS does not have the authority to handle requests made under the Privacy Act of 1974. You may contact OGIS as follows: Office of Government Information Services, National Archives and Records Administration, 8601 Adelphi Road-OGIS, College Park, Maryland 20740-6001, e-mail at ogis@nara.gov; telephone at 202-741-5770; toll free at 1-877-684-6448; or facsimile at 202-741-5769. Regards, ICE FOIA Office Immigration and Customs Enforcement Freedom of Information Act Office 500 12th Street, S.W., Stop 5009 Washington, D.C. 20536-5009 Telephone: 1-866-633-1182 Visit our FOIA website at www.ice.gov/foia

# EXHIBIT 4

*Office of Information Governance and Privacy*

**U.S. Department of Homeland Security**
500 12th St., SW
Washington, D.C. 20536



U.S. Immigration
and Customs
Enforcement

February 19, 2019

Mike Masnick
Techdirt.com

**RE:   ICE FOIA Case Number 2019-ICFO-24679**

Dear Mr. Masnick:

This letter is the final response to your Freedom of Information Act (FOIA) request to U.S.
Immigration and Customs Enforcement (ICE), dated December 14, 2018.  You have requested a
full list of the domain names that were seized, any related court filings regarding the domain
seizures and any email communications with the "high-profile industry representatives and anti-
counterfeiting associations" regarding those seizures, as described in a November 26th press
release, seen here: https://www.ice.gov/news/releases/over-million-websites-seized-global-
operation."

ICE has conducted a search of the ICE Offices of Homeland Security Investigations (HSI) and
the ICE Office of Public Affairs (OPA) for records responsive to your request and no records
were found.

For your information, Congress excluded three discrete categories of law enforcement and
national security records from the requirements of the FOIA.  See 5 U.S.C. § 552(c) (2006 &
Supp. IV (2010).  This response is limited to those records that are subject to the requirements of
the FOIA.  This is a standard notification that is given to all our requesters and should not be
taken as an indication that excluded records do, or do not, exist.

While an adequate search was conducted, you have the right to appeal this determination that no
records exist within the ICE Offices of Homeland Security Investigations (HSI) and Public
Affairs (OPA) that would be responsive to your request.  Should you wish to do so, you must
send your appeal and a copy of this letter, within 90 days of the date of this letter following the
procedures outlined in the DHS FOIA regulations at 6 C.F.R. Part 5 § 5.8., to:

> U.S. Immigration and Customs Enforcement
> Office of the Principal Legal Advisor
> U.S. Department of Homeland Security

500 12th Street, S.W., Mail Stop 5900
Washington, D.C. 20536-5900

Your envelope and letter should be marked "FOIA Appeal."  Copies of the FOIA and DHS regulations are available at www.dhs.gov/foia.

Provisions of FOIA allow DHS to charge for processing fees, up to $25, unless you seek a waiver of fees.  In this instance, because the cost is below the $25 minimum, there is no charge.

If you need any further assistance or would like to discuss any aspect of your request, please contact the FOIA office and refer to FOIA case number **2019-ICFO-24679**.  You may send an e-mail to ice-foia@ice.dhs.gov, call toll free (866) 633-1182, or you may contact our FOIA Public Liaison, Fernando Pineiro, in the same manner. Additionally, you have a right to right to seek dispute resolution services from the Office of Government Information Services (OGIS) which mediates disputes between FOIA requesters and Federal agencies as a non-exclusive alternative to litigation.  If you are requesting access to your own records (which is considered a Privacy Act request), you should know that OGIS does not have the authority to handle requests made under the Privacy Act of 1974.  You may contact OGIS as follows:  Office of Government Information Services, National Archives and Records Administration, 8601 Adelphi Road-OGIS, College Park, Maryland 20740-6001, e-mail at ogis@nara.gov; telephone at 202-741-5770; toll free at 1-877-684-6448; or facsimile at 202-741-5769.

Sincerely,

*Meronica D. Stoney*
*for*

Catrina M. Pavlik-Keenan
FOIA Officer

# EXHIBIT 5



# CAUSE of ACTION
## ═══ I N S T I T U T E ═══

Pursuing Freedom & Opportunity through Justice & Accountability™

March 8, 2019

**Via Certified Mail**

U.S. Immigration and Customs Enforcement
Office of the Principal Legal Advisor
U.S. Department of Homeland Security
500 12th Street, SW, Mail Stop 5900
Washington, D.C. 20536-5900

**Re:   Freedom of Information Act Appeal Request 2019-ICFO-24679**

Dear Office of the Principal Legal Advisor:

I am writing on behalf of Mike Masnick and Techdirt.com. Cause of Action Institute is providing legal representation to Mr. Masnick and Techdirt.com with regard to the Freedom of Information Act ("FOIA") request, dated December 14, 2018, that Mr. Masnick submitted on behalf of Techdirt.com to U.S. Immigration and Customs Enforcement ("ICE"), which ICE assigned case number 2019-ICFO-24679.[1] Please direct all further correspondence regarding this request and appeal to my attention at the contact information provided below.

## Background

On November 26, 2018, ICE issued a press release touting its enforcement efforts in "Operation In Our Sites," which aims to combat copyright infringement, and noting that more than a million websites had been seized in a global operation.[2] On December 14, 2018, Mr. Masnick submitted a FOIA request to ICE on behalf of a Techdirt.com,[3] a blog that he runs, seeking access to information about the program ICE discussed in its press release.[4] Specifically, the request sought three things: "[1] a full list of the domain names that were seized, [2] any related court filings regarding the domain seizures, and [3] any email communications with the 'high-profile industry representatives and anti-counterfeiting associations'

---

[1] Ex. 1.

[2] Ex. 2, Press Release, U.S. Immigration & Customs Enforcement, Over a million websites seized in global operation, Nov. 26, 2018, *available at* http://bit.ly/2DZCXjW.

[3] Techdirt.com "relies on a proven economic framework to analyze and offer insight into news stories about changes in government policy, technology and legal issues that affect companies' ability to innovate and grow." TECHDIRT.COM, *About Techdirt*, https://www.techdirt.com/about.php (last visited Mar. 6, 2019).

[4] Ex. 1.

A 501(C)(3) NONPROFIT CORPORATION

Office of the Principal Legal Advisor
March 8, 2019
Page 2

regarding those seizures[.]"[5]  Mr. Masnick also requested that Techdirt.com be
categorized as a news media requestor for FOIA fee purposes.[6]

On December 17, 2018, ICE acknowledged receipt of the request, assigned it
case number 2019-ICFO-24679, invoked the ten-day statutory response extension
for unusual circumstances, and granted Techdirt.com news-media-requester status
for fee purposes.[7]  On February 21, 2019, ICE issued a final determination letter
stating that it had "conducted a search of the ICE Offices of Homeland Security
Investigations (HSI) and the ICE Office of Public Affairs (OPA) for records
responsive to [the] request and no records were found."[8]  ICE stated that "Congress
excluded three discrete categories of law enforcement and national security records
from the requirements of the FOIA" and that its "response is limited to those
records that are subject to the requirements of the FOIA."[9]  It also provided that
this statement was "a standard notification that is given to all our requesters and
should not be taken as an indication that excluded records do, or do not, exist."[10]

## ICE Failed to Conduct an Adequate Search

The FOIA requires agencies to "conduct a search reasonably calculated to
uncover all relevant documents."[11]  The search must pass "a 'reasonableness' test to
determine the 'adequacy' of a search methodology, consistent with congressional
intent tilting the scale in favor of disclosure."[12]  ICE must search in locations where
responsive records are likely to be found and may not limit its search to exclude
record systems, custodians, or offices that may contain responsive records.[13]

ICE did not produce any records responsive to this request, which seeks
records related to a press statement that ICE itself had issued.  That press release
specifically mentioned that ICE had seized thousands of website domain names and
that it had worked with industry representatives and anti-counterfeiting
associations in making those seizures.  It strains credulity to believe, and it is
impossible to accept, that ICE does not have a single record related to the names of
domains it had just seized, any court filings concerning its efforts to seize those

---

[5] *Id.*

[6] *Id.*

[7] Ex. 3.

[8] Ex. 4.

[9] *Id.*

[10] *Id.*

[11] *Truitt v. Dep't of State*, 897 F.2d 540, 542 (D.C. Cir. 1990) (cleaned up).

[12] *Morley v. Cent. Intelligence Agency*, 508 F.3d 1108, 1114 (D.C. Cir. 2007) (citation omitted).

[13] *Callaway v. Dep't of the Treasury*, No. 08-5480, 2009 WL 10184495 at *2 (D.C. Cir. June 2, 2009).

Office of the Principal Legal Advisor
March 8, 2019
Page 3

domains, or any communications with the various industry representatives and
associations that it claims to have cooperated with.

What appears more likely is that ICE is claiming that all of the records it
possesses fall outside the ambit of the FOIA as law enforcement records under
5 U.S.C. § 552(c), such that it is not required to disclose to Mr. Masnick that such
records exist. If that is the case, ICE is incorrect. Records responsive to Mr.
Masnick's request do not meet the standard for being excluded from the FOIA.
Agencies are permitted to treat records as "not subject to the requirements" of the
FOIA if, as potentially relevant here, they are (1) exempt from disclosure under
Exemption 7(A), (2) the investigation or proceeding involves a possible violation of
criminal law, (3) there is reason to believe that the subject of the investigation does
not know of its pendency, *and* (4) the disclosure of records could reasonably be
expected to interfere with enforcement proceedings.[14]

If ICE is relying on this provision to claim that it does not possess records
responsive to Mr. Masnick's FOIA request, its use is improper for at least three
reasons. First, 552(c) only protects information about possible violations of *criminal*
law. So, to the extent ICE has records of communications with its "[i]ndustry
partners participating in the operation [who] were fully responsible for *civilly*
seizing 1.21 million domain names,"[15] those records are not covered by 552(c).
Second, it is highly unlikely that the individuals or entities who had their web
domains seized by ICE do not know of those seizures, as 552(c) requires for withhold
records. After seizing web domains under this program, ICE is required to notify
interested parties within sixty days of seizing their property and must commence
full forfeiture proceedings within ninety days if the domain owner disputes the
seizure.[16] As more than sixty days have elapsed since ICE seized the domain names
in question, the affected individuals and entities obviously must know of the seizure
either because they observed their domain was no longer operating or because ICE
notified them of the seizure. Thus, the invocation of 552(c) in this instance is not
appropriate. Third, and finally, ICE cannot establish that disclosing the list of
already seized domain names, court filings, or email communications with so-called
industry partners would interfere with its enforcement proceedings.

*   *   *

In light of the above, either ICE has failed to conduct an adequate search for
records it obviously must possess or it is improperly relying on 5 U.S.C. § 552(c) to

---

[14] 5 U.S.C. § 552(c)(1). This subsection also provides for withholding records without acknowledging
their existence if they relate to criminal informants or records maintained by the Federal Bureau of
Investigation, neither of which appears applicable here. *See Id.* § 552(c)(2)-(3).

[15] Ex. 1 at 1–2 (emphasis added).

[16] *See* 18 U.S.C. § 983.

Office of the Principal Legal Advisor
March 8, 2019
Page 4

issue a no-records response.  In either case, ICE must reevaluate its response to Mr. Masnick's FOIA request and disclose records properly subject to the FOIA.

### Conclusion

If you have any questions or concerns, please contact me by telephone at (202) 499-4232 or by email at james.valvo@causeofaction.org.  Thank you for your attention to this matter.

R. JAMES VALVO, III
COUNSEL & SENIOR POLICY ADVISOR

# EXHIBIT 6



**U.S. Department of Homeland Security**
500 12th ST. SW; STOP 5009
Washington, DC 20536-5009

March 18, 2019

R. James Valvo, III
Cause of Action
1875 Eye Street, NW
Suite 800
Washington, DC 20006

Dear Mr. Valvo:

The Department of Homeland Security has received your letter appealing the adverse determination of your Freedom of Information Act/Privacy Act (FOIA/PA) request by U.S. Immigration and Customs Enforcement. Your appeal, **postmarked *or* electronically transmitted** on **March 08, 2019**, was received on **March 18, 2019**.

The Government Information Law Division acknowledges your appeal request of **2019-ICFO-24679** and is assigning it number **2019-ICAP-00275** for tracking purposes.  Please reference this number in any future communications about your appeal.

A high number of FOIA/PA requests have been received by the Department.  Accordingly, we have adopted the court-sanctioned practice of generally handling backlogged appeals on a first-in, first-out basis.[1]  While we will make every effort to process your appeal on a timely basis, there may be some delay in resolving this matter.  Should you have any questions concerning the processing of your appeal, please contact the ICE FOIA Office/Public Liaison at (866) 633-1182, or by email at ice-foia@dhs.gov.

Sincerely,

*/s/ MCuestas* for

Shiraz Panthaky
Chief
Government Information Law Division
ICE Office of the Principal Legal Advisor
U.S. Department of Homeland Security

---

[1] Appeals of expedited treatment denials will be handled on an expedited basis.

# EXHIBIT 7



**U.S. Department of Homeland Security**
500 12th Street, S.W.
Washington, D.C. 20536-5009

April 2, 2019

R. James Valvo III
Cause of Action Institute
1875 Eye Street, N.W., Suite 800
Washington, D.C. 20006

**RE:     2019-ICAP-00275, 2019-ICFO-24679**

Dear Mr. Valvo:

This is in response to your letter dated March 8, 2019, which was received by this office on March 18, 2019, appealing the U.S. Immigration and Customs Enforcement (ICE) FOIA Office's response to your client's December 14, 2018, FOIA request.  Your client's FOIA request sought information pertaining seized websites.

By letter dated February 19, 2019, the ICE FOIA Office advised you that a search of ICE Homeland Security Investigations (HSI) and the Office of Public Affairs (OPA) was conducted and that no responsive records to your client's request were located.  Your March 8, 2019, letter appealed the adequacy of the agency's search.

Upon a complete review of the administrative record and the search documentation which led to the determination on your FOIA request, ICE has determined that a new search, or modification to the existing search, could be made.  ICE is therefore remanding your appeal back to the ICE FOIA Office for processing and re-tasking to the appropriate agency/office(s) to obtain any responsive documents, should they exist.

Should you have any questions regarding this appeal remand, please contact ICE FOIA at ice-foia@dhs.gov.  In the subject line of the e-mail, please include the word "appeal," your appeal number, which is **2019-ICAP-00275**, and the FOIA case number, which is **2019-ICFO-24679**.

Sincerely,

*for* Shiraz Panthaky
Chief
Government Information Law Division
ICE Office of the Principal Legal Advisor
U.S. Department of Homeland Security

cc:  ICE FOIA Office

# EXHIBIT 8

*Office of Information Governance and Privacy*

**U.S. Department of Homeland Security**
500 12th St., SW
Washington, D.C. 20536



July 22, 2019

R. James Valvo, III Esq.
Cause of Action Institute
1875 Eye St. NW, Suite 800
Washington, DC 20006

RE:     <u>Floor64, Inc. v. ICE</u>; 1:19-cv-01499
       ICE FOIA Case Number 2019-ICLI-00046
       Final Response

Dear Mr. Valvo:

This letter is the final response to your client's Freedom of Information Act (FOIA) request to U.S. Immigration and Customs Enforcement ("ICE"), dated December 14, 2018. Your FOIA request seeks records pertaining to ICE enforcement efforts in "Operation In Our Sites", which was aimed to combat copyright infringement with more than a million websites having been sized in a global operation. Specifically, the request sought three items:

1.   a full list of the domain names that were seized;
2.   any related court filings regarding the domain seizures; and
3.   any email communications with the 'high-profile industry representatives and anti-counterfeiting associations' that ICE referenced in its press release regarding those seizures.

ICE has considered your request under the FOIA, 5 U.S.C. § 552.

A search of the HSI located records that were responsive to your request. For this production ICE reviewed 75 pages of potentially responsive records. Of those 75 pages released, portions of the documents were withheld pursuant to Exemptions of the FOIA as described below.

ICE has applied FOIA Exemptions (b)(6), (b)(7)(C), and (b)(7)(E) to portions of the pages produced as described below.

**FOIA Exemption 6** exempts from disclosure information in personnel or medical files and similar files the release of which would cause a clearly unwarranted invasion of personal privacy.  This requires a balancing of the public's right to disclosure against the individual's right to privacy.  The privacy interests of the individuals in the records you have requested outweigh any minimal public interest in disclosure of the information.  Any private interest you may have in that information does not factor into the aforementioned balancing test.

**FOIA Exemption 7(C)** protects records or information compiled for law enforcement purposes when production of such could reasonably be expected to constitute an unwarranted invasion of personal privacy. This exemption takes particular note of the strong interests of individuals, whether they are suspects, witnesses, or investigators, in not being unwarrantably associated with alleged criminal activity. That interest extends to persons who are not only the subjects of the investigation, but those who may have their privacy invaded by having their identities and information about them revealed in connection with an investigation. Based upon the traditional recognition of strong privacy interests in law enforcement records, categorical withholding of information that identifies third parties in law enforcement records is ordinarily appropriate.

**FOIA Exemption 7(E)** protects records compiled for law enforcement purposes, the release of which would disclose techniques and/or procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law. The disclosure of certain law enforcement sensitive information contained within the responsive records could reasonably be expected to risk circumvention of the law. Additionally, the techniques and procedures at issue are not well known to the public.

In addition to the one Excel Spreadsheet that is being withheld in full under Exemption (b)(7)(E), ICE has applied FOIA Exemption 7(E) to protect from disclosure internal agency law enforcement case numbers contained within the document, internal codes used to identify folders in an internal ICE task management system, law enforcement database category codes, and law enforcement techniques.

Because this matter is now in litigation, if you have any questions about this letter, please contact Assistant U.S. Attorney Damon Taaffe of the United States Attorney's Office at (202) 252-2544.

Sincerely,

*Toni Fuentes for*

Catrina M. Pavlik-Keenan
FOIA Officer


Enclosure(s):  75 page(s)

# EXHIBIT 9

*Office of Information Governance and Privacy*

**U.S. Department of Homeland Security**
500 12th St., SW
Washington, D.C. 20536



U.S. Immigration
and Customs
Enforcement

October 21, 2019

R. James Valvo, III Esq.
Cause of Action Institute
1875 Eye St. NW, Suite 800
Washington, DC 20006

**RE:     Floor64, Inc. v. ICE; 1:19-cv-01499**
**ICE FOIA Case Number 2019-ICLI-00046**
**Supplemental Response**

Dear Mr. Valvo:

This letter is a supplemental response to your client's Freedom of Information Act (FOIA) request to U.S. Immigration and Customs Enforcement ("ICE"), dated December 14, 2018. Your FOIA request seeks records pertaining to ICE enforcement efforts in "Operation In Our Sites", which was aimed to combat copyright infringement with more than a million websites having been sized in a global operation. Specifically, the request sought three items:
1.   a full list of the domain names that were seized;
2.  any related court filings regarding the domain seizures; and
3.  any email communications with the 'high-profile industry representatives and anti-counterfeiting associations' that ICE referenced in its press release regarding those seizures.

ICE has considered your request under the FOIA, 5 U.S.C. § 552.

For this production ICE re-processed 20 pages of previously produced documents.  After careful review, portions of the documents were withheld pursuant to Exemptions of the FOIA as described below.

ICE has applied FOIA Exemptions (b)(6), (b)(7)(C), and (b)(7)(D) to portions of the pages produced as described below.

**FOIA Exemption 6** exempts from disclosure information in personnel or medical files and similar files the release of which would cause a clearly unwarranted invasion of personal privacy.  This requires a balancing of the public's right to disclosure against the individual's right to privacy.  The privacy interests of the individuals in the records you have requested outweigh any minimal public interest in disclosure of the information.  Any private interest you may have in that information does not factor into the aforementioned balancing test.

**FOIA Exemption 7(C)** protects records or information compiled for law enforcement purposes when production of such could reasonably be expected to constitute an unwarranted invasion of personal privacy.  This exemption takes particular note of the strong interests of individuals, whether they are suspects, witnesses, or investigators, in not being unwarrantably associated with alleged criminal activity.  That interest extends to persons who are not only the subjects of the investigation, but those who may have their privacy invaded by having their identities and information about them revealed in connection with an investigation.  Based upon the traditional recognition of strong privacy interests in law enforcement records, categorical withholding of information that identifies third parties in law enforcement records is ordinarily appropriate.

**Exemption 7(D)** pertains to records or information compiled for law enforcement purposes, the release of which could reasonably be expected to disclose the identities of confidential sources. The types of documents and/or information that we have withheld could consist of names, addresses, telephone numbers, institutions, source symbol numbers, or source provided information, such as testimony, statements, reports, investigations, audio/video tapes, or various other documents or information withheld to protect the identity of a confidential source.

Because this matter is now in litigation, if you have any questions about this letter, please contact Assistant U.S. Attorney Damon Taaffe of the United States Attorney's Office at (202) 252-2544.

Sincerely,

*Dexter E. Johnson/for*

Catrina M. Pavlik-Keenan
FOIA Officer

Enclosure(s):   20 page(s)